UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARION D. MARSHALL,<br><br>                Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                Defendant. | NO. C2:13-CV-01171-RSM-JLW<br><br>REPORT AND RECOMMENDATION |

## BASIC DATA

Type of benefits sought:

    ( ) Disability Insurance

    (X) Supplemental Security Income – Disability

Plaintiff's:

    Sex: female

    Age: 52 at alleged onset date

Principal Disabilities Alleged by Plaintiff:

    Right patellofemoral syndrome/degenerative arthritis, affective disorder, obesity and PTSD.

Disability Allegedly Began: September 14, 2009

Principal Previous Work Experience: prep cook, some work as a caretaker.

Plaintiff Last Worked: no work during relevant period.

Education Level Achieved by Plaintiff: high school, some college coursework

REPORT AND RECOMMENDATION - 1

## PROCEDURAL HISTORY – ADMINISTRATIVE

Before ALJ:

    Date of Hearing: September 22, 2011

    Date of Decision: October 14, 2011

    Appears in Record at: AR 25-37

    Summary of Decision:

        Claimant has not engaged in substantial gainful activity since her amended alleged onset date, September 14, 2009; she has severe impairments of right patellofemoral syndrome/degenerative arthritis, affective disorder, and PTSD. Her impairments, even in combination, do not qualify under the Listings. She has the residual functional capacity to perform less than the full range of light work, subject to certain limitations:

        She can lift and/or carry twenty pounds occasionally and ten pounds frequently; she has no limitations with sitting; she can stand and/or walk for six hours in an eight-hour workday with normal breaks; she can occasionally climb, balance, stoop, kneel, crouch, and crawl; she can understand, remember, and carry out simple and routine work tasks; she should have limited (*i.e.*, occasional or less) contact with the public; she needs a predictable work environment.

        The testimony of the vocational expert identified examples of three jobs she can perform: cleaner/housekeeping, garment folder, and small parts assembler. This establishes she can perform substantial work which exists in the national economy and requires a finding of "not disabled."

Before Appeals Council:

    Date of Decision: May 1, 2013

    Appears in Record at: AR 5-8

    Summary of Decision:

        Partially favorable. Based on Plaintiff's age, the Appeals Council found her disabled from the date of the ALJ's decision, going forward. The Appeals Council applied the Medical Vocational Guidelines in Plaintiff's favor based on her turning 55 years old approximately two months after the ALJ's decision. However, the Appeals Council adopted the findings for the time prior to the ALJ's decision.

    Therefore, all that remains at issue in the case is whether Plaintiff is entitled to benefits for the closed period of disability of slightly over two years, September 14, 2009 to October 14, 2011.

## PROCEDURAL HISTORY – THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by (X) Plaintiff  (X) Commissioner

## RECOMMENDATION OF

## UNITED STATES MAGISTRATE JUDGE

(X)  Reverse and remand to the ALJ for further administrative proceedings.

## SUMMARY OF RECOMMENDATION

The Appeals Council found Plaintiff disabled from the date of the ALJ's decision based on her age. Plaintiff continues to claim disability from her alleged onset date to the date of the ALJ decision. Plaintiff asserts her physical limitation evidence shows she has an RFC for sedentary work, not light work as the ALJ found, and that the Medical Vocational Guidelines would then direct finding disability because of her age. Plaintiff also asserts the ALJ failed to consider all evidence of her psychiatric/mental limitation. The court agrees with some of Plaintiff's assignments of error, particularly that the ALJ did not address the opinions expressed by two psychologists (three reports total), consideration of which may affect the outcome of this case. The court should therefore remand the case for the ALJ to consider the three missing opinions. The ALJ should also reassess Dr. Centerwall's psychiatric opinion. The court should also direct the ALJ to reassess physical complaints regarding standing and walking as opined by Doctors Cannon and Joseph, and whether any further limitations in this respect have an impact upon her RFC for light work.

REPORT AND RECOMMENDATION - 3

I.     STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole.

II.     ISSUES ON APPEAL

1. Did the ALJ err in assessing medical opinion evidence?
2. Did the ALJ err in assessing Plaintiff's obesity?
3. Did the ALJ err in finding Plaintiff capable of light work?
4. Did the ALJ err in limiting Plaintiff to simple work and limited public contact?
5. Did the ALJ err in assessing Plaintiff's credibility?

Dkt. No. 19 at 3.

III.     DISCUSSION

A. <u>Medical Opinion Evidence</u>

Plaintiff asserts the ALJ improperly assessed the opinion of her treating psychiatrist (Dr. Centerwall), erred in failing to address the opinions of examining psychiatrists (Dr. Dees and Dr. Czysz), and improperly assessed the opinions of consulting physicians. Dkt. 19 at 3-8. Defendant argues the ALJ's assessments are proper and the failure to discuss the opinions of two doctors amounts to harmless error because the ALJ's ultimate decision is based on substantial evidence. Dkt. 25 at 10-16.

*(1) Treating Psychiatrist, Judith Centerwall, M.D.*

Plaintiff asserts the ALJ erred in assigning "little weight" to Dr. Centerwall's December 2009 opinion. As a treating psychiatrist, Dr. Centerwall's opinion is generally entitled to controlling weight. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the ALJ

rejects a treating or examining physician's opinion that is contradicted by another doctor, he must provide specific, legitimate reasons based on substantial evidence in the record. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009). Dr. Centerwall's opinion is contradicted by Dr. Canning's conclusion that Plaintiff is capable of performing simple and repetitive work. Dkt. 25 at 12. Dr. Canning's opinion is from a one-time consultative examination in December 2008 which is prior to the alleged onset date in September 2009. AR 380-384. By contrast, Dr. Centerwall is a treating source who saw Plaintiff monthly for one year, and wrote her report after the alleged onset date.

Dr. Centerwall noted she had been treating Plaintiff monthly over the past year and found her social functioning "significantly impaired" and that "when she has nightmares and flashbacks, it leads to insomnia so she is unable to function the next day." AR 426. Regarding work situations, Dr. Centerwall opined "any situation of social demands would cause anxiety, withdrawal and increased symptoms." AR 427. The ALJ provides three reasons for assigning little weight to this opinion: (1) it appeared Plaintiff's symptoms were expected to improve with medication adjustments; (2) there were minimal objective findings in the questionnaire; and (3) Plaintiff's ability to interact with others while selling the *Real Change* newspaper is inconsistent with the reported social limitations. AR 34.

The ALJ's first reason, that medication was "expected to improve" her symptoms, is neither legitimate nor convincing, as it was not a reason articulated or even hinted at by the doctor. Dr. Centerwall notes she is "[c]urrently engaged in counseling at ACRS 1:1 with case manager. We are currently titrating her anti-anxiety (Prazosin) so I can't assess effects yet on ability to work. Prozac 40 mg is currently not effective although she is compliant." AR 427. Contrary to the ALJ's assertion, Dr. Centerwall opines no expectation of improvement through medication.

REPORT AND RECOMMENDATION - 5

The ALJ's second reason, that there were minimal objective findings in the questionnaire, is not legitimate, as it is not consistent with the record. Dr. Centerwall provided detailed clinical observations regarding Plaintiff's anxiety, depression, and social coping problems, as well as the results of a Mental Status Examination. The ALJ does not specify what more Dr. Centerwall should have provided in the way of objective evidence in response to the disability questionnaire.

The ALJ's third reason, that the social limitations Dr. Centerwall found are inconsistent with Plaintiff's ability to interact with others while selling the *Real Change* newspaper, is legitimate to the extent that it shows Plaintiff has some minimal ability to interact with people. Plaintiff argues she participated in selling the newspaper only for about two hours every few weeks (Dkt. 19 at 6), which she asserts is consistent with Dr. Centerwall's opinion that her social functioning is significantly impaired. While Plaintiff might disagree with the ALJ's reasoning, she does not demonstrate error on this point. Thus, only one of the ALJ's three reasons for giving "little weight" to Dr. Centerwall's opinion regarding Plaintiff's social impairment is specific and legitimate, while the other two are not. This one factor of Plaintiff's minimal involvement in selling *Real Change* newspaper is relevant, but it is not substantial evidence sufficient to dismiss a treating physician's opinion, which is otherwise entitled to controlling weight. On remand, the ALJ should reassess Dr. Centerwall's opinion.

      *(2)   Examining Psychiatrists, Dr. Czysz and Dr. Dees*

The parties agree that the ALJ failed to address examination reports from Dr. Czysz and Dr. Dees. Defendant argues the errors are harmless because the ALJ addresses similar limitations opined by other doctors. Dkt. 25 at 14-16. Plaintiff argues that other than Dr. Centerwall, discussed above, the three reports from these doctors represent the only medical

opinion evidence regarding her mental health functioning during the relevant time.  Dkt. 19 at 7.

Dr. Czysz completed psychological evaluations of Plaintiff on September 29, 2009 (AR 580-86) and August 2010 (AR 594-99); both occurred during the alleged disability period of September 2009 through October 2011.  In both assessments Dr. Czysz found Plaintiff's mental capability markedly limited in multiple functional domains and opined a severe impact on work activities, supported with specific examples of his clinical observations.  AR 581-83, 597.  Dr. Czysz notes Plaintiff's PTSD resulting from severe domestic abuse causes her to be depressed, traumatized, psychologically frail, and mistrusting, which would interfere with relationships with coworkers, supervisors, and the public; that her depression and anxiety would interfere with consolidating new material in memory and learning new tasks; and that her medication does not appear to benefit her in these areas.  AR 583.  Dr. Czysz opines "psychological/psychiatric treatment would improve the claimant's quality of life, but may not make a substantive difference in her ability to maintain competitive employment" and recommends "treatment at a community mental health center where [Plaintiff] would receive a full complement of services including a new medication evaluation, psychotherapy, case management, housing assistance and perhaps, once her psychiatric symptoms are under control, vocational rehabilitation."  AR 584.  He estimates these impairments would last for a minimum of one year.

Dr. Dees evaluated Plaintiff in July 2011 (AR 588-92), finding her depression with suicidal thoughts would have a severe impact on work activities; her PTSD with nightmares, hyper-vigilance, and avoidance of people would have a moderate effect; and her mania/hypomania would have a marked affect.  AR 589.  He found marked limitations in three

REPORT AND RECOMMENDATION - 7

functional categories including "difficulty interacting with others due to PTSD and depression." AR 590.

Defendant argues that although the ALJ did not address either of Dr. Czysz' opinions or Dr. Dees' opinion, he dismissed the same limitations opined by Dr. Sanchez and a mental health counselor. Dkt. 25 at 15, 16 citing AR 33. The ALJ gave "little weight" to Dr. Sanchez' similar opinion in 2008 that Plaintiff had marked limitations interacting appropriately with the public, responding appropriately, and tolerating the pressures and expectations of a normal work setting. The ALJ concluded Dr. Sanchez did not provide an adequate explanation for the marked limitations in the ability to handle work pressure, and that Dr. Sanchez' opinion was inconsistent with Plaintiff's selling *Real Change*. AR 33 citing 364-68.

However, the ALJ did not address the three medical opinions which are consistent in their conclusion that Plaintiff has mental limitations beyond the given RFC. That these opinions are consistent with the opinions of Dr. Centerwall and Dr. Sanchez gives more weight to the longitudinal record, not less. The opinions of Drs. Czysz and Dees along with Dr. Centerwall's evaluation are the only mental evaluations during the alleged disability period. Inclusion of these, paired with proper analysis of Dr. Centerwall's opinion could change the RFC and the final determination. Therefore, this court recommends remand for further analysis including the omitted reports from Drs. Czysz and Dees.

*(3)   Consultative Examinations Regarding Physical Limitations*

Plaintiff assigns error to the finding that she can perform light work. She argues that due to osteoarthritis and degenerative joint disease the medical opinion evidence indicates sedentary work is appropriate because she needs to sit frequently and cannot stand for six out of eight hours as required by light work. Significantly, a finding that she is limited to

sedentary work would result in a conclusion of disability according to the Medical-Vocational Guidelines[1].

Plaintiff argues that both examining doctors found that due to problems with her right knee she would be unable to stand and walk consistent with light work and the ALJ improperly discredited their findings. Dkt. 19 at 7. Dr. Cannon examined Plaintiff in October 2008 and limited her to two hours of standing/walking in a workday. AR 336. In January 2010, Dr. Joseph found she could stand/walk up to six hours per workday with rest breaks every thirty minutes. AR 453. The ALJ discredited these limitations and found she could stand/walk for six hours in an eight-hour workday with normal breaks consistent with light work. AR 29. The ALJ gave "little weight" to Dr. Cannon's evaluation because (1) the objective evidence in the evaluation does not support the limitation and (2) it is inconsistent with standing while selling *Real Change*. AR 31. The ALJ gave "little weight" to Dr. Joseph's standing limitations for the same reasons. AR 32. The first reason lacks specificity, as the ALJ has not identified how Dr. Cannon's and Dr. Joseph's conclusions are inconsistent with their objective findings. The second reason is, as discussed above regarding mental limitations, only minimally legitimate to the extent it shows Plaintiff is able to stand for some unknown period whenever she sells *Real Change*. However, Plaintiff argues nothing in the record indicates she stood while selling.

---

[1]The Medical-Vocational Guidelines are found in 20 C.F.R. § 404 Appendix 2 to Subpart P. Relevant section 201(g) provides: **Individuals approaching advanced age (age 50-54) may be significantly limited in vocational adaptability if they are restricted to sedentary work.** When such individuals have no past work experience or can no longer perform vocationally relevant past work and have no transferable skills, **a finding of disabled ordinarily obtains**. However, recently completed education which provides for direct entry into sedentary work will preclude such a finding. For this age group, even a high school education or more (ordinarily completed in the remote past) would have little impact for effecting a vocational adjustment unless relevant work experience reflects use of such education (emphasis added).

REPORT AND RECOMMENDATION - 9

B.  The ALJ's Evaluation of Plaintiff's Obesity

Plaintiff assigns error to the finding that her obesity is not a severe impairment and is not reflected in her RFC. Plaintiff notes, "[a] central issue in this claim is whether the Plaintiff is capable of standing sufficiently to perform 'light' work. One of her major impairments is her knee impairment which clearly would be exacerbated by obesity." Dkt. 26 at 4. The ALJ found:

> The record supports the claimant was obese. The claimant reported on September 14, 2009 she was five feet, three inches tall and weighed 190 pounds. This correlates to a body mass index ("BMI") of 33.7. Clinical guidelines define obesity as a BMI of 30.0 and above. *See* SSR 02-01p. Her weight was within the BMI classification for obesity during the period in question. However, the claimant has not alleged this impairment limited her activities. The undersigned does not find obesity resulted in significant vocational limitations and thus is non-severe.

AR 28.

Plaintiff argues that obesity is a material factor that should have been considered in her RFC because: (1) she wrote in her Disability Report that she was having difficulty standing, squatting and lifting due to her knees (AR 194); (2) it would be unreasonable to expect the claimant to know that obesity is a factor and explicitly claim it; (3) a knee impairment is impacted by obesity and the ability to stand; (4) her primary provider diagnosed obesity (AR 535); and (5) both consultative examiners found limitations in standing. Dkt. 19 at 10. Defendant argues that substantial evidence supports the ALJ's decision.

An ALJ is required to consider obesity where it impacts a claimant's health or exacerbates other impairments, whether or not a claimant explicitly raises it. *See* Social Security Ruling 02-01p; *Celaya v. Halter,* 332 F.3d 1177, 1181-82 (9th Cir. 2003). Here, although Plaintiff cites medical evidence of standing/walking limitations which are potentially affected by obesity, she demonstrates no medical evidence or symptoms that suggest her

limitations are significantly impacted by obesity. Plaintiff therefore fails to demonstrate error in this regard.

### C. Residual Functional Capacity to Perform Light Work

As discussed above regarding her physical limitations, Plaintiff asserts substantial evidence does not support finding her capable of light work because her standing and walking limitations do not allow her to stand for six hours a day without more frequent breaks, as opined by Drs. Cannon and Joseph. Dkt. 19 at 10-11. The ALJ's reasons for dismissing the doctors' opinions are not sufficiently specific and legitimate. The court should therefore remand for reconsideration of this issue.

### D. RFC With Nonexertional Limitations

As discussed above regarding her nonexertional limitations, Plaintiff asserts substantial evidence does not support finding she is capable of performing work with reasonable interaction with supervisors and coworkers because the ALJ erroneously rejected her treating doctor's (Dr. Centerwall) opinion and failed to address opinions of Drs. Csysz and Dees. Dkt. 19 at 13. For the reasons discussed above, the court agrees and recommends remand for consideration of the omitted opinions of Drs. Czysz and Dees and reconsideration of Dr. Centerwall's opinion.

### E. Plaintiff's Credibility

Plaintiff alleges the ALJ erred in finding her not fully credible because citations to the record are "grossly imbalanced" omitting relevant limitation information and highlighting out of context reports of her limited activities, particularly the ALJ's repeated use of the fact that she engaged in selling *Real Change* newspaper to discredit multiple allegations throughout the decision. Defendant argues the ALJ's credibility assessment is supported by substantial evidence. Dkt. 25 at 8-10.

The ALJ found Plaintiff's statements concerning her symptoms not fully credible as to their intensity, persistence, and limiting effects. AR at 30. Absent evidence of malingering, an ALJ must provide clear and convincing reasons to reject a claimant's testimony about the severity of her symptoms. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

Here, because there is no cited evidence or finding of malingering, the clear and convincing standard applies. The ALJ gives five reasons for finding Plaintiff's symptom allegations not fully credible: (1) she engages in activities such as independent self-care, shopping, reading, watching television, riding the bus, and selling *Real Change* newspaper (AR 30); (2) selling *Real Change* newspaper is inconsistent with her statements about not wanting to be around people (AR 30); (3) Plaintiff has sought little treatment for physical complaints including her knee (AR 31); (4) her mental health allegations are inconsistent with objective medical evidence and current activities including interacting with people while selling *Real Change* (AR 32); and (5) her mental health symptoms improve with treatment (AR 33-34, 35). Plaintiff does not argue large factual inaccuracies here, but that the ALJ selectively presents facts, and that her symptoms are consistent with the opinions of Drs. Centerwall, Czysz and Dees, and that her standing/walking limitations are consistent with the opinions of Drs. Cannon and Joseph. Dkt. 19 at 14. In light of the failure to discuss the omitted opinions of Drs. Czysz and Dees, and the insufficient analysis of Drs. Centerwall, Cannon and Joseph, the majority of the credibility determination is not based on clear and convincing reasons. The ALJ should reassess Plaintiff's credibility on remand.

REPORT AND RECOMMENDATION - 12

## V. CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's decision be REVERSED and the case be REMANDED for further administrative proceedings. On remand, the ALJ should analyze the omitted opinions of Drs. Czysz and Dees and re-assess the opinions of Drs. Centerwall, Cannon and Joseph and the impact they have on her RFC. The ALJ should also reassess Plaintiff's credibility regarding her symptom allegations in light of those opinions.

A proposed order accompanies this Report and Recommendation. Objections to this Report and Recommendation, if any, must be filed with the Clerk and served upon all parties to this suit no later than fourteen (14) days after the date on which this Report and Recommendation is signed. If no timely objections are filed, the Clerk shall note this matter for the earliest Friday after the deadline for objections, as ready for the Court's consideration. Failure to file objections within the specified time may affect your right to appeal. If objections are filed, any response is due within fourteen (14) days after being served with the objections. A party filing an objection must note the matter for the court's consideration fourteen (14) days from the date the objection is filed and served. Objections and responses shall not exceed twelve pages.

DATED this 3rd day of July, 2014.

JOHN L. WEINBERG
United States Magistrate Judge